UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES MELVIN CRAMER,
    Plaintiff,

v.                                             Case No.: 3:13-cv-262-BJD-JRK
DR. PAGE A. SMITH &
Dr. J. JORGE-CARABALLO,
    Defendants.
_____/

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant Smith and Carraballo, through undersigned counsel, respond in opposition to Plaintiff's motion for summary judgment (148) and state the following:

1.    Pursuant to Fed. R. Civ. P. 10, Defendants incorporate herein (Doc. 153 ), Defendants' Motion for Summary Judgment and its exhibits. (153-1- 16 ).

2.    Plaintiff alleges that the decisions Defendants made to treat him with the antibiotic Gentamicin and failing to test his blood for toxicity violated his Eighth Amendment right and amounted to medical deliberate indifference. (Doc. 148). Plaintiff also alleges that he was not fully informed regarding this risk of the drug Gentamicin. (148 at 3-7).

3.      As stated in Defendants' Motion for Summary, Defendants were treating Plaintiff for potentially deadly bacteria, MRSA, the risks of treatment were explained to Plaintiff, and the treatment was necessary to save Plaintiff's life. (Doc. 153, p4)

4.      Plaintiff alleges that both Defendants knew that to avoid or minimize those risks required regular and periodic monitoring of blood drug levels and kidney functioning and that for over 35 days Defendants ordered no such tests. (Doc. 148, p2).   Defendants were aware that blood test were should have been ordered to test for toxicity; however, since Plaintiff's blood was being tested, neither made the connection that his blood was not being tested for toxicity. (Doc. 153-1-2)  Defendants did not refused to test Plaintiff because of cost or indifference. (Id)  Defendants were, again,  not aware that Plaintiff's blood was not being tested for toxicity.(Id.)

5.      Plaintiff alleges that Defendants outlined in general terms that he would be receiving the antibiotic treatment, that there were risks involved and that Dr. Smith did not reveal the specific nature of the risks nor did he disclose what monitoring measures or actions he would take to prevent potential problems. (Doc. 148, p6-7)  However, in the first complaint  Plaintiff filed related to this case, Plaintiff states that the dangers of the drug were explained to him.

(Doc. 153-15,p7).

6. Defendants were treating Plaintiff in order to save his life from life-threatening bacteria, without which Plaintiff would have died. (Doc. 153, p 12-18).

7. When Defendant realized that Plaintiff's blood was not being tested, a test was ordered, and when Plaintiff failed to respond to treatment, he was sent to an outside hospital. (Doc. 153).

8. Defendants' actions were not deliberately indifferent, and to second guess the course of treatment, in hindsight, which can be 20/20, would be contrary to the Court's statement in Estelle that:

> [A] complaint that a physician has been negligent in diagnosing or treating medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976).

9. It is doubtful that any reasonable juror would find the decision to use Gentamicin to save Plaintiff's life and failing to recognize that while Plaintiff's blood was being tested, it was not being tested for toxicity, shocking to their sense of decency.

## CONCLUSION

For the aforementioned reasons, Defendants request that the Court deny Plaintiff's Motion for Summary Judgment.

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

/S/Shirley Wilson Durham
Shirley Wilson Durham
Senior Assistant Attorney General
Florida Bar No. 0993204
Office of the Attorney General
The Capitol PL-01
Tallahassee, Florida 32399-1050
Telephone: (904) 348-2724 x216
Facsimile: (904) 858-6983
Shirley.durham@myfloridalegal.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this Response has been sent by US Mail this 10th day of May 2019 to:

Jeffrey H. Klink, P.A.
8916 South Mobley RD
Tampa, FL 33626-1509

/S/Shirley Wilson Durham
Shirley Wilson Durham
Senior Assistant Attorney General