UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES MELVIN CRAMER,

          Plaintiff,

v.                                        Case No. 3:13-cv-262-BJD-LLL

DR. PAGE ARMAND SMITH and
DR. JORGE-CARABALLO,

          Defendants.

_____

## ORDER

This cause came before the Court for pretrial conference on February 15, 2022, at which the Court heard argument on Plaintiff's pre-trial motions (Docs. 192, 219) and other pre-trial matters. Upon consideration of the parties' briefing (Docs. 192, 193, 219, 223) and oral argument, the Court hereby **ORDERS**:

1.    Plaintiff's motion to allow the Court-appointed experts to testify remotely (Doc. 192) is **GRANTED**. The Court will confer with the parties and the experts closer to trial to finalize plans.

2.    Plaintiff's motion in limine (Doc. 219) is **GRANTED in part** and **DENIED in part**:

a.     Plaintiff's request that the Court-appointed experts be able to review each other's deposition transcripts is **DENIED**.

b.     Plaintiff's request to enter into evidence summaries or charts of Plaintiff's Florida Department of Corrections medical records (Docs. 219-1 through 219-3) under Federal Rule of Evidence 1006 is **GRANTED**. Rule 1006 provides, in pertinent part: "The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court."

Admission of summaries under Rule 1006 is a matter within the district court's discretion. United States v. Melgen, 967 F.3d 1250, 1260 (11th Cir. 2020) ("Summary charts are permitted generally by Federal Rule of Evidence 1006 and the decision whether to use them lies within the district court's discretion."). The underlying records need not be admitted into evidence, but they must be admissible and available to the opponent and the court. Fed. R. Evid. 1006; see also United States v. Strissel, 920 F.2d 1162, 1163-64 (4th Cir. 1990) (holding the text of the Rule makes clear "there is no requirement that all of the voluminous evidence supporting a chart or graph be introduced into evidence as a precondition to the introduction of that chart or graph").

Rule 1006 does not expressly require that the preparer be subject to cross-examination at trial. In fact, the Seventh Circuit has noted "there is no

explicit requirement that a witness testify about [a summary's] accuracy at trial." United States v. Shorter, 874 F.3d 969, 978 (7th Cir. 2017). The Seventh Circuit emphasized, all that is required to admit a summary is a showing "that the underlying records are accurate and would be admissible as evidence." Id. Additionally, to be admissible under Rule 1006, a summary need not be "free form reliance on assumptions" if any assumptions are "supported by evidence in the record." Melgen, 967 F.3d at 1260.

Defendants concede the underlying medical records would be admissible as evidence at trial. Doc. 223 at 9. To address defense counsel's objections that Plaintiff's counsel, in preparing the summaries, "arranged [them] in a manner that would further Plaintiff's position," and included "loaded descriptions," Doc. 223 at 6, 9, the Court afforded defense counsel an opportunity to examine Plaintiff's counsel at the pretrial conference. During her examination of Plaintiff's counsel, defense counsel pointed to no improper commentary or "loaded descriptions" in the summaries. Any inferences reflected in the summaries—for example, the entries reflecting there was "no mention of hearing"—are supported by the medical records. See generally Doc. 219-1.

After considering defense counsel's objections and Plaintiff's counsel's explanation of his process in preparing the summaries, the Court is satisfied the summaries accurately reflect the content of the underlying, admissible

3

medical records. Even if the relevant medical records comprise 350 pages as opposed to 3,500 pages, the Court finds all relevant records "cannot be conveniently examined in court." As such, the summaries will be permitted as evidence at trial.[1]

      c.   Plaintiff's request to exclude from evidence details about Plaintiff's crimes or his length of sentence is **GRANTED**. Defendants concede the details of Plaintiff's crimes are not relevant. Doc. 223 at 6. However, Defendants contend Plaintiff's life sentence is relevant because he seeks damages for his loss of enjoyment of life. Upon review, the Court finds that reference to Plaintiff's life sentence would be so prejudicial as to outweigh any limited probative value the length of Plaintiff's sentence may have. Plaintiff's request to include additional language with the pattern jury instructions, Doc. 214-1 at 9, 29, will be **deferred** pending the charge conference.

      d.   Plaintiff's request that defense expert Dr. Waldman be prohibited from commenting on Plaintiff's credibility is **GRANTED**. "Absent unusual circumstances, expert medical testimony concerning the truthfulness or credibility of a witness is inadmissible." United States v. Beasley, 72 F.3d

---

[1] Plaintiff's counsel asserted in his motion—and repeated at the pretrial conference—that the summaries likely can be edited further, though he "would prefer not to edit without Defendants [sic] input." Doc. 219 at 9 n.1. Of course, counsel may collaborate to edit the summaries in advance of trial.

1518, 1528 (11th Cir. 1996). <u>See also</u> <u>United States v. Falcon</u>, 245 F. Supp. 2d 1239, 1245 (S.D. Fla. 2003) ("It is well-settled in this Circuit that, absent extreme or unusual circumstances, expert scientific testimony concerning the truthfulness or credibility of a witness is inadmissible because it invades the jury's province in determining credibility.").

3.     No later than **February 21, 2022**, the parties shall submit to the Court the basis for any objections to Dr. Beiser's deposition testimony and responses to any objections.

4.     The Court notes that admissibility questions generally should be ruled upon as they arise during trial "to allow questions of foundation, relevancy, and prejudice to be resolved in context." <u>See</u> <u>Stewart v. Hooters of Am., Inc.</u>, No. 8:04-cv-40-T-17-MAP, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007). With that in mind, any party may seek reconsideration of these rulings at trial in light of the evidence presented by making contemporaneous objections when evidence is elicited or proffered.

5.     This case is **referred** to the Honorable Laura Lothman Lambert, United States Magistrate Judge, to conduct a settlement conference, tentatively scheduled for March 7, 2022. The parties shall contact Judge Lambert's chambers by Friday, **February 18, 2022**, to confirm the date and time of the settlement conference. To ensure a productive settlement

conference, the Court expects counsel and the parties to appear **live**.[2] Once the

parties confirm the date and time for the settlement conference, the Court will

direct Plaintiff's correctional institution to transport him.

      **DONE AND ORDERED** at Jacksonville, Florida, this 16th day of

February 2022.

_____
        BRIAN J. DAVIS
     United States District Judge

Jax-6
c:
Counsel of Record
Judge Lambert's Chambers

---

[2] At the pretrial conference, the Court indicated Plaintiff may be permitted to appear remotely. However, the Court has contacted Plaintiff's correctional institution and has learned Plaintiff will have access only to a telephone. He would not be able to join the settlement conference by video, which likely would frustrate the parties' and the Judge's efforts to bring this case to a resolution.